PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

STOCKMAN'S WATER COMPANY,
LLC, a Colorado Limited Liability
Company,

      Plaintiff-Appellee,

AMERICAN WATER DEVELOPMENT,
INC.,

      Plaintiff/Intervenor-Appellant,

and

PETER HORNICK, an individual
domiciled in New York,

      Plaintiff/Intervenor.

v.

VACA PARTNERS, L.P., a Delaware
Limited Partnership;  FARALLON
CAPITAL MANAGEMENT, LLC, a
Delaware Limited Liability Company;
JASON FISH, an individual domiciled in
California,

      Defendants/Third-Party-
      Plaintiffs-Appellees.

No. 04-1088

v.

GARY BOYCE, an individual domiciled in Colorado,

　　　Third-Party-Defendant-Appellee.

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
(D.C. No. 01-RB-0083 (CBS))**

---

Richard I. Brown (Patrick J. Casey with him on the brief), Lottner Rubin Fishman Brown & Saul, P.C., Denver, Colorado, for Plaintiff/Intervenor-Appellant.

Stanley L., Garnett (Richard P. Barkley and Annie T. Kao with him on the brief), Brownstein Hyatt & Farber, P.C., Denver, Colorado, for Defendant/Third-Party Plaintiff-Appellees.

Allan L. Hale, John G. Lubitz and Robert T. Hoban, Hale & Friesen, LLP, Denver, Colorado filed a brief for Plaintiff-Appellee and Third-Party Defendant-Appellee.

---

Before **TACHA**, Chief Circuit Judge, **BALDOCK**, and **O'BRIEN**, Circuit Judges.

---

**BALDOCK**, Circuit Judge.

---

Plaintiff Stockman's Water Company and Defendants Vaca Partners, Farallon Capital Management, and Jason Fish hold varying interests in the Baca Grand Ranch. Plaintiff initiated this diversity action in federal court seeking to enjoin Defendants from selling their interest in the Ranch and its accompanying water assets. Plaintiff/Intervenor

American Water Development (AWD) intervened in the litigation as owner of an interest in the Ranch's water assets. Upon Defendants' motion to dismiss, the district court entered an order dismissing AWD's claims due to collateral state court proceedings. Although various claims of the parties remained unadjudicated in the district court, AWD filed an appeal under 28 U.S.C. § 1291. On the same day, AWD filed a motion seeking certification from the district court under Fed. R. Civ. P. 54(b). While AWD's motion for certification was pending, Defendants filed a motion with this Court to dismiss AWD's appeal under § 1291 for lack of a final decision. We subsequently entered an order abating AWD's appeal until the district court ruled on AWD's certification motion. The district court certified its dismissal order as final under Rule 54(b) as follows:

> This matter is before me for consideration and resolution of [AWD's motion] filed March 11, 2004. I have considered the motion, the responses and the reply. For the reasons stated, arguments advanced, and authorities cited by [AWD] in its motion and its [reply] . . . filed April 7, 2004, I grant [AWD's] motion for 54(b) certification.
>
> THEREFORE, IT IS ORDERED that [AWD's] Motion Under Fed. R. Civ. P. 54(b) For Entry Of "Final Judgment" On AWD's Claims filed March 11, 2004, IS GRANTED.

We now consider whether the district court's Rule 54(b) certification order is sufficient to provide us with appellate jurisdiction. Because the district court's certification order is insufficient, we dismiss AWD's appeal for lack of jurisdiction.

3

Federal Rule of Civil Procedure 54(b) provides in relevant part:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

We have explained that courts entering a Rule 54(b) certification should "clearly articulate their reasons and make careful statements based on the record supporting their determination of 'finality' and 'no just reason for delay' so that we [can] review a 54(b) order more intelligently[] and thus avoid jurisdictional remands." Old Republic Ins. Co. v. Durango Air Serv., Inc., 283 F.3d 1222, 1225 n.5 (10th Cir. 2002). In Oklahoma Turnpike Auth. v. Bruner, 259 F.3d 1236 (10th Cir. 2001), we discussed at length the requirements of Rule 54(b) certification. We noted certification is appropriate *only* when the district court "adheres strictly to the rule's requirement that a court make two express determinations." Id. at 1242. First, the district court must determine that its judgment is final. See Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1, 7 (1980). Second, the district court must determine that no just reason for delay of entry of its judgment exists. Id. at 8.

In making these determinations, the district court should act as a "dispatcher" weighing Rule 54(b)'s policy of preventing piecemeal appeals against the inequities that could result from delaying an appeal. Id. at 8; Oklahoma Turnpike Auth., 259 F.3d at 1241. Factors the district court should consider are "whether the claims under review

4

[are] separable from the others remaining to be adjudicated and whether the nature of the claims already determined [are] such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." Curtiss-Wright Corp., 446 U.S. at 8.

We acknowledge a district court's decision to grant certification under Rule 54(b) merits substantial deference and should not be disturbed unless the district court's determination was clearly erroneous. Id. at 10.[1] Our role "is not to reweigh the equities or reassess the facts but to make sure that the conclusions derived from those weighings and assessments are jurisdictionally sound and supported by the record." Id. Our deference, however, rests on the assumption that the district court undertook its obligation to carefully examine all the factors relevant to certification. Id. at 12. Absent a clear articulation of the district court's reasons for granting certification, we have no basis for conducting a meaningful review of the district court's exercise of discretion.

In this case, the district court's certification order offers no analysis of the factors relevant under Rule 54(b) certification and fails to comport with Rule 54(b)'s requirement that a final judgment be entered only upon an express determination that there is no just reason for delay. Instead, the court simply incorporated by reference AWD's arguments

---

[1] In Oklahoma Turnpike Auth., 259 F.3d at 1242, we applied a two-tiered standard of review, reviewing de novo the district court's determination of finality and reviewing for an abuse of discretion the district court's determination that there is no just reason for delay.

and conclusions. The district court's approach does not comply with our requirement that it set forth its reasons, albeit briefly, supporting a determination of finality and no just reason for delay. Accordingly, we conclude the district court's certification order fails to provide us with appellate jurisdiction over AWD's appeal.

APPEAL DISMISSED.