**NOT FOR PUBLICATION**



## UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: ) | BAP No. NC-13-1616-PaJuTa |
| ) | |
| IZZUDDIN AHMED, ) | Bankr. No. 10-47690 |
| ) | |
| Debtor. ) | Adv. Proc. 11-04115 |
| _____) | |
| ) | |
| IZZUDDIN AHMED, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | **M E M O R A N D U M**[1] |
| ) | |
| ) | |
| AMJAD SILMI; ALEX PREIGER, ) | |
| ) | |
| Appellees. ) | |
| _____) | |

Submitted Without Argument
on February 19, 2015[2]

Filed - February 26, 2015

Appeal from the United States Bankruptcy Court
for the Northern District of California

Honorable Roger L. Efremsky, Chief Bankruptcy Judge, Presiding

Appearances:     Raymond R. Miller on the brief for appellant
                 Izzuddin Ahmed; Yosef Peretz and Emily Knowles of
                 Peretz & Associates on the brief for appellee Amjad
                 Silmi.

Before: PAPPAS, JURY, and TAYLOR, Bankruptcy Judges.

---

[1] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8024-1.

[2] After examination of the briefs and record, and after notice to the parties, in an order entered December 31, 2014, the Panel unanimously determined that oral argument was not needed for this appeal. 9th Cir. BAP Rule 8019-1.

Chapter 7[3] debtor Izzuddin Ahmed ("Ahmed") appeals the amended judgment of the bankruptcy court adding attorney's fees to an earlier judgment excepting his debt to creditor Amjad Silmi ("Silmi") from discharge under § 523(a)(2)(A) and excepting his debt to creditor Alex Preiger ("Preiger") from discharge under § 523(a)(6). We AFFIRM.

## I. FACTS

## A. Background

Preiger owns Food King, a commercial complex in Oakland, California. In 1998, Preiger leased a large area to Ahmed for operation of a grocery store (the "Grocery Store" and "Grocery Store Lease"). On June 28, 2001, the parties executed an addendum to the Grocery Store Lease (the "Lease Addendum") allowing Ahmed to use a small space next to the grocery store for a store selling sundries ("Sundries Space") and to install a booth to operate a check-cashing business. In September 2004, Preiger leased Ahmed another area for a retail meat market (the "Meat Market" and "Meat Market Lease").

In 2001, Ahmed executed a sublease to Silmi (the "2001 Lease"), apparently in violation of the Lease Addendum that prohibited subleasing. Based on this arrangement, Silmi has consistently argued that he was the proprietor of the check-cashing business, not an employee of Ahmed. Preiger believed, however, that Silmi was an employee of Ahmed and never recognized

---

[3] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, all Rule references are to the Federal Rules of Bankruptcy Procedure, Rules 1001–9037, all Civil Rule references are to the Federal Rules of Civil Procedure 1–86, and all Appellate Rule references are to the Federal Rules of Appellate Procedure 1–48.

Silmi as a sublessee.

Ahmed sold all of his businesses, including the grocery store, meat market, and the check-cashing operation, to Nagi Homran, his cousin, on June 5, 2005. Silmi had no knowledge of this transaction; when he discovered it, he confronted Ahmed, who allegedly told Silmi that Homran was merely purchasing the right to become Silma's landlord, not ownership of Silma's check-cashing business.

Beginning in March 2005, Silmi discovered that his check-cashing business was regularly losing money. Silmi confronted Guprin Faisal ("Faisal"), Ahmed's brother, who worked for Silmi. Faisal admitted stealing $50,000 from the business and giving that money to Ahmed at Ahmed's direction. Ahmed repaid Silmi the $50,000 on July 14, 2005.

At some point not clear in the record, Silmi loaned Ahmed money; the loan balance in July 2005 was $31,000. Ahmed informed Silmi that he would repay the $31,000 if Silmi agreed to void the 2001 Lease. Silmi refused.

On November 15, 2005, Silmi filed a civil suit in state court against Ahmed and Faisal, alleging breach of the 2001 Lease, conversion, and intentional misrepresentation. Ahmed cross-complained, alleging that Silmi had intentionally interfered with Ahmed's contract with Preiger and seeking rescission of the 2001 Lease.

Preiger discovered that Hamron had purchased Ahmed's properties and that Silmi owned the check-cashing business in July 2005; both of these transactions violated Ahmed's lease. Preiger served a three-day notice to cure breaches of the leases, or to

-3-

quit the premises, on Ahmed. Ahmed apparently ignored the notice. Preiger sued Ahmed in state court on January 10, 2006, alleging breach of the leases and seeking relief under this and other theories. Ahmed cross-complained for breach of contract and intentional interference with contracts and business relations.

On May 26, 2006, Preiger informed Ahmed that he would not renew the Lease Addendum for the Sundries Area adjacent to the Grocery Area when the term expired in June 2006. After expiration of the lease term, Preiger retook possession of the Sundries Area and cleaned it.

At some point in July 2006, Ahmed allegedly unloaded several pallets of toilet tissue in the Sundries Area and left it there. On August 17, 2006, Preiger moved the toilet tissue to a storage area. That afternoon, Ahmed returned and Preiger called the police. Then, Ahmed allegedly rammed an industrial cart into Preiger's leg. On May 7, 2007, Preiger amended his state court pleadings to assert causes of action for trespass, assault, and battery.

The state court consolidated the actions and conducted a jury trial in February and March, 2010. The jury returned a special verdict in favor of Silmi and Preiger and against Ahmed. The jury found in favor of Simli on his causes of action for conversion, misrepresentation, and fraud, awarded him $46,376 in compensatory damages and $67,500 in punitive damages against Ahmed, and found that Simli was the owner of the check-cashing operation. As to Preiger's claims, the jury found that Ahmed had committed a trespass and that Ahmed intentionally or negligently entered upon Preiger's property, without Preiger's consent. The jury awarded

-4-

Preiger compensatory damages of $7,500 and punitive damages of $70,000 against Ahmed.

The state court then awarded attorney's fees to both Silmi and Preiger as prevailing parties. The state court's judgment incorporating the damage and attorney's fee awards was entered on July 7, 2010 ("State Court Judgment"); Ahmed filed a chapter 11 petition the same day.

Ahmed voluntarily converted the case to chapter 7 on January 31, 2011. On April 4, 2011, Silmi and Preiger filed an adversary complaint which asked the bankruptcy court to declare that their claims against Ahmed under the State Court Judgment were excepted from discharge under § 523(a)(2)(A) and (a)(6) and sought a denial of Ahmed's discharge under § 727(a)(3), (a)(4), and (a)(5).[4]

Silmi and Preiger filed a motion for summary judgment on August 4, 2012, and an amended motion on January 8, 2013, generally arguing that the jury verdicts and State Court Judgment were entitled to preclusive effect and established the exceptions to discharge under § 523(a)(2)(A) and (a)(6). Ahmed filed a brief response on February 1, 2013, asserting that the first element required for application of issue preclusion, identity of issues, was lacking for any exception to discharge under § 523(a)(6); Ahmed's response did not address the motion's request for an exception under § 523(a)(2)(A).

The bankruptcy court conducted a hearing on the amended

---

[4] At the request of Silmi and Preiger, on November 4, 2011, the bankruptcy court dismissed the claims seeking to deny Ahmed's discharge under § 727(a).

-5-

motion for summary judgment on March 14, 2013. At the conclusion of argument, the bankruptcy court granted a partial summary judgment in favor of Silmi and Preiger on the basis of the issue preclusive effect of the State Court Judgment. In reciting its ruling, the court engaged in a detailed analysis of the summary judgment and preclusion standards, compared the elements required for discharge exceptions with the findings in the state court's jury verdict, and decided that, applying issue preclusion, Preiger was entitled to a summary judgment for a discharge exception under § 523(a)(6), and that Silmi was entitled to a summary judgment for a discharge exception under § 523(a)(2)(A).

After a second hearing to consider supplementary briefs, the court entered an order granting the amended summary judgment motion on June 17, 2013 (the "Summary Judgment Order"). The Order provided: (1) Silmi's claim against Ahmed for economic damages, noneconomic and punitive damages in the amount of $113,636, and for attorney's fees of $235,922, was excepted from discharge under § 523(a)(2)(A); (2) Preiger's claim against Ahmed for economic damages, noneconomic and punitive damages in the amount of $77,500 and for attorney's fees of $306,644 was excepted from discharge under § 523(a)(6); and (3) Silmi and Preiger were awarded litigation costs for the state court proceedings of $38,384, to be split between Silmi and Preiger as they decided.[5]

Ahmed filed an appeal of the Summary Judgment Order on June 27, 2013. BAP no. 13-1306. The bankruptcy court entered a Final Judgment, incorporating verbatim the contents of its Summary

---

[5] The court did not indicate if these litigation costs were excepted from discharge.

Judgment Order, on July 9, 2013. See Rule 8002(2) (an appeal filed after the bankruptcy court announces its decision, but before entry of final judgment, is treated as filed on the date or after entry of the final judgment.).

Ahmed failed to file an opening brief in that appeal, and after several notices were given to him concerning the possible consequences of failing to file the brief and pursue the appeal, the Panel dismissed the appeal for failure to prosecute on September 6, 2013. Ahmed did not appeal the BAP's decision.

In the meantime, on July 3, 2013, Silmi and Preiger filed a motion in the bankruptcy court seeking an award of the attorney's fees they had incurred in prosecuting the adversary proceeding. Ahmed did not respond to this motion, nor did he appear at the November 7, 2013 hearing held by the bankruptcy court. The bankruptcy court entered an order granting the motion and awarding Silmi and Preiger $29,500 in attorney's fees (the "Bankruptcy Attorney's Fees") on November 27, 2013. The court entered an Amended Judgment Finding Debtor's Obliga[tions] to Plaintiffs to be Nondischargeable Debt on December 10, 2013 (the "Amended Judgment"). The Amended Judgment duplicated verbatim the Summary Judgment Order and Final Judgment and added a paragraph awarding the Bankruptcy Attorney's Fees.

Ahmed filed a timely appeal of the Amended Judgment on December 20, 2013.

## II. JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(I). We have jurisdiction under 28 U.S.C. § 158.

-7-

## III. ISSUE

Whether the Final Judgment of the bankruptcy court was a final order not subject to collateral attack through an appeal of the Amended Judgment.

## IV. STANDARD OF REVIEW

We review the finality of a federal court order de novo. Stockman's Water Co., LLC v. Vaca Partners, L.P., 425 F.3d 1263, 1266 (10th Cir. 2005).

## V. DISCUSSION

Ahmed appeals the Amended Judgment, which has three principal components. It grants an exception to discharge under § 523(a)(2)(A) of Ahmed's debt to Silmi; an exception to discharge under § 523(a)(6) of Ahmed's debt to Preiger; and awards Preiger and Silmi attorney's fees for the discharge litigation in the bankruptcy court. Ahmed filed a single brief with three-pages of argument in this appeal. It contains no discussion or arguments whatsoever concerning the attorney's fees awarded by the bankruptcy court, nor does it address the discharge exception for Silmi's debt. Because these components of the Amended Judgment have been ignored by Ahmed, we deem any issues concerning them waived. See City of Emeryville v. Robinson, 621 F.3d 1251, 1261 (9th Cir. 2010)(explaining, an appellate court "will not review issues which are not argued specifically and distinctly in a party's opening brief."); Branam v. Crowder (In re Branam), 226 B.R. 45, 55 (9th Cir. BAP 1998)(deeming an issue not adequately addressed by appellant in an opening brief abandoned), aff'd, 205 F.3d 1350 (9th Cir.1999); Carey v. Charlie Y, Inc., 2014 WL 351393 (9th Cir. BAP January 31, 2014) (failure to

-8-

challenge propriety of attorney's fees award in appeal brief waives the issue).

Instead of targeting all aspects of the Amended Judgment in his brief, Ahmed focuses exclusively on the bankruptcy court's decision to deem Ahmed's debt to Preiger excepted from discharge. Ahmed makes it clear in his brief that he is appealing the Amended Judgment as a vehicle to seek review of the Summary Judgment Order and Final Judgment. The issues he raises in the brief are exactly the same as those framed in the bankruptcy court at the time he objected to the Summary Judgment Motion, as evidenced by the text of the conclusion in his brief:

> In order to give Appellant an appropriate opportunity to be heard on the matter of dischargeability of the debt [to Preiger], the summary judgment of the Bankruptcy Court should be set aside and the matter set for trial.

Ahmed Br. at 4.

The obvious problem with Ahmed's tactic is that this discharge exception, originally granted in the Summary Judgment Order, then incorporated verbatim into the Final Judgment, was the subject of the prior appeal to this Panel, which was dismissed for Ahmed's failure to prosecute. Because all provisions of the Final Judgment, including the exception to discharge for Ahmed's debt to Preiger under § 523(a)(6), are final now, Ahmed is foreclosed from challenging the Preiger discharge exception in this appeal.

Under 28 U.S.C. § 158(c), appeals from the final orders of the bankruptcy court must be filed within the time limits set in Rule 8002. Under Rule 8002(a), a "notice of appeal shall be filed with the clerk within 14 days of the date of entry of the judgment, order, or decree appealed from." Failure to timely file

-9-

the notice deprives the Panel of any jurisdiction over the appeal. Anderson v. Kalashian (In re Mouradick), 13 F.3d 326, 327 (9th Cir. 1994) ("The provisions of Bankruptcy Rule 8002 are jurisdictional; the untimely filing of a notice of appeal deprives the appellate court of jurisdiction to review the bankruptcy court's order."); see also Bowles v. Russell, 551 U.S. 205, 214 (2007) ("The timely filing of a notice of appeal in a civil case is a jurisdictional requirement.").

The bankruptcy court's Final Judgment was a final order on July 9, 2013. A final order is effective when entered. Rules 5003, 9021. Although Ahmed timely appealed the Final Judgment, that appeal was later dismissed when Ahmed elected not to diligently pursue it. Ahmed sought no further review of the BAP's decision dismissing his appeal of the Final Judgment. The Ninth Circuit has observed that where an "appellant has by his own act caused the dismissal of the appeal [appellant] is in no position to complain that his right of review of an adverse lower court judgment has been lost[.]" Ringsby Truck Lines, Inc. v. W. Conference of Teamsters, 686 F.2d 720, 722 (9th Cir. 1982).

Implicit within Ahmed's appeal is the suggestion that the Amended Judgment somehow supersedes the Summary Judgment Order and Final Judgment with respect to the issues settled in those orders, such that those issues can be raised again in an appeal of the Amended Judgment. We reject this implication. Entry of an amended judgment with only immaterial revisions to an original judgment does not affect the finality of the original judgment. Federal Trade Comm'n v. Minneapolis-Honeywell Regulator Co., 344 U.S. 206, 211 (1952). The Final Judgment was final and

-10-

effective on entry and was not overturned by the Panel when it was appealed. Ahmed's appeal of the Amended Judgment, in which he only attacks the determination of exception to discharge for Preiger's claim, is a collateral attack on that provision in the Final Judgment. A final order of a federal court may not be collaterally attacked under these circumstances. Watts v. Pinckney, 752 F.2d 406, 410 (9th Cir. 1985); Heritage Pac. Fin., LLC v. Machuca (In re Machuca), 483 B.R. 726, 733 (9th Cir. BAP 2012).

The sole difference between the Summary Judgment Order, the Final Judgment, and the Amended Judgment is the latter's addition of attorney's fees. However, the addition of attorney's fees is an immaterial addition and does not affect the finality of the Final Judgment. Budinich v. Becton Dickinson & Co., 486 U.S. 196, 200-01 (1988) (Awards of costs and fees do not affect the finality of judgment because they do not reflect on the merits of a case.). As relevant here, the time for appeal is generally not extended "in order to tax costs or award fees." Civil Rule 58(c)(1), incorporated in Rule 7058. In addition, an unpublished decision of the Ninth Circuit held consistent with Budinich that an amended judgment that only adds attorney's fees does not affect the finality of the original judgment. Hrabko v. Provident Life & Acc. Ins. Co., 2007 WL 1112618 (9th Cir. April 12, 2007).

The motion for attorney's fees was also not a tolling motion and, as a result, the filing of the attorney's fee motion on July 3, 2013, did not toll the time when Ahmed could appeal. Rule 8002(b)(1) does not list an attorney's fee motion as a tolling motion. However, it does list motions under Civil

-11-

Rule 59(e). At one time, motions for attorney's fees were considered a form of Civil Rule 59(e) motion. However, the Supreme Court ended that practice: White v. H.H. Dep't of Employment Servs., 455 U.S. 445, 452 (1982)("A motion for attorney's fees is unlike a motion to alter or amend a judgment. It does not imply a change in the judgment, but merely seeks what is due because of the judgment. It is, therefore, not governed by the provisions of Rule 59(e).").

The federal appellate rule is similar to Rule 8002(b). Appellate Rule 4(a)(4)(A)(iii) provides that an attorney's fee motion operates as a tolling motion only when the district court "extends the time to appeal under [Civil] Rule 58 [incorporated by Rule 7058]." Ahmed neither requested nor obtained such an extension. Indeed, he could not appropriately do so as Appellate Rule 4 is not applicable in a bankruptcy appeal.

For all the above reasons, we conclude that the Final Judgment was final and effective when entered, was not overturned on appeal, the mere addition of attorney's fees in the Amended Judgment did not affect the finality of the provisions of the Final Judgment, and, thus, the provisions regarding the exception to discharge for Preiger's claim were not affected by the filing of the Amended Judgment. Ahmed's attempt to use the Amended Judgment as a vehicle to appeal the Final Judgment's provisions was a transparent attempt to re-appeal the Summary Judgment Order and Final Judgment, not the Amended Judgment.

## VI. CONCLUSION

We AFFIRM the bankruptcy court's Amended Judgment.

-12-