FILED
**United States Court of Appeals**
**Tenth Circuit**

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**June 21, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

_____

TINA PETERS,

    Plaintiff - Appellant,

v.

UNITED STATES OF AMERICA;
MERRICK B. GARLAND, in his official
capacity as Attorney General of the United
States; JENA GRISWOLD, in her official
capacity as Colorado Secretary of State,

    Defendants,

and

DANIEL P. RUBINSTEIN, in his official
capacity as District Attorney for the
Twenty-First Judicial District,

    Defendant - Appellee.

No. 24-1013
(D.C. No. 1:23-CV-03014-NYW-SKC)
(D. Colo.)

_____

## ORDER AND JUDGMENT[*]
_____

Before **MATHESON**, **BACHARACH**, and **PHILLIPS**, Circuit Judges.

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

_____

Tina Peters asked the district court to prevent Daniel P. Rubinstein, the District Attorney for Mesa County, Colorado, from criminally prosecuting her in state court because he allegedly retaliated against her for exercising her First Amendment rights. She now appeals the district court's decision to abstain under *Younger v. Harris*, 401 U.S. 37 (1971), from reaching the merits of her claim. She contends that the court (1) could not abstain because she is immune from state prosecution and (2) improperly applied *Younger*. We affirm.

## I.  BACKGROUND[1]

### A. *Factual History*

Ms. Peters is the former Mesa County Clerk in charge of elections. While serving as clerk, she arranged for a consultant to enter a secured area of the clerk's office and to copy county voting records. She gave the copies to experts to analyze. Based on the experts' analysis, Ms. Peters concluded the county's voting system had vulnerabilities and petitioned the Board of County Commissioners to stop using its system.

Federal, state, and local law enforcement searched her home.

---

[1] Because Ms. Peters appeals from a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), we need not assume the complaint's factual allegations are correct, and we may consider the exhibits attached to her original complaint. *See United States v. Rodriquez-Aguirre*, 264 F.3d 1195, 1203 (10th Cir. 2001). Ms. Peters did not reattach them to her First Amended Complaint, but like the district court, we consider them as incorporated into the First Amended Complaint. Joint App., Vol. IV at 765 n.7. We also assume Rule 12(b)(1) is a proper vehicle for a *Younger* abstention motion.

2

B. *State Court Proceedings*

On March 8, 2022, a state grand jury indicted her on 10 criminal counts. The indictment alleged that Ms. Peters (1) "devised and executed a deceptive scheme . . . designed to influence public servants, breach security protocols, exceed permissible access to voting equipment, and set in motion the eventual distribution of confidential information to unauthorized people" and (2) used someone else's "name and personal identifying information" "without permission or lawful authorization" "to further [her] criminal scheme." Joint App., Vol. III at 527.

On May 5, 2022, Mr. Rubinstein moved to quash a subpoena duces tecum that Ms. Peters had sent him requesting certain physical evidence related to the county's voting system.

On May 12, 2022, Ms. Peters moved for review of the grand jury indictment to determine whether probable cause supported the charges against her.

On June 3, 2022, the state court held that probable cause supported each of the charges in the indictment.

On June 5, 2022, the state court granted the motion to quash.

On April 1, 2024, Ms. Peters moved to dismiss the indictment, arguing she was immune from prosecution under the Supremacy Clause in Article VI of the United States Constitution. On May 7, 2024, the state court denied her motion.

C. *Federal Court Proceedings*

1. **Federal District Court**

On November 14, 2023, Ms. Peters sued Mr. Rubinstein in his official capacity under 42 U.S.C. § 1983 in the United States District Court for the District of Colorado.[2] She brought a First Amendment retaliation claim, alleging Mr. Rubinstein's investigation and prosecution were in retaliation for her public criticism of the county's voting system.[3] She contended that when she learned a technology upgrade would delete some data from the county's voting records, she acted to protect election integrity and to comply with federal election law's record management requirements. She sought declaratory and injunctive relief to prevent Mr. Rubinstein from investigating and prosecuting her in state court.

On November 27, 2023, Ms. Peters moved the district court for a preliminary injunction to stop Mr. Rubinstein "from conducting, continuing, or participating in

---

[2] Ms. Peters also sued Jena Griswold in her official capacity as Colorado Secretary of State; Merrick Garland in his official capacity as Attorney General of the United States; and the United States of America. Those claims are not at issue in this appeal.

[3] For a First Amendment retaliation claim where the government defendant is neither the plaintiff's employer nor a party to a contract with the plaintiff, the plaintiff must show (1) "the plaintiff was engaged in constitutionally protected activity"; (2) "the defendant's actions caused the plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity"; and (3) "the defendant's adverse action was substantially motivated as a response to the plaintiff's exercise of constitutionally protected conduct." *Worrell v. Henry*, 219 F.3d 1197, 1212 (10th Cir. 2000) (quotations omitted). "The First Amendment applies to the States under the Due Process Clause of the Fourteenth Amendment." *iMatter Utah v. Njord*, 774 F.3d 1258, 1263 (10th Cir. 2014) (citing *Va. State Bd. of Pharmacy v. Va. Citizens Consumer Council, Inc.*, 425 U.S. 748, 749 n.1 (1976)).

any way in proceedings in [the state court case], or any other criminal proceedings against or harassment of [Ms.] Peters." Dist. Ct. Doc. 8 at 1; Joint App., Vol. I at 3.

On December 13, 2023, Mr. Rubinstein responded by moving to dismiss the case, arguing for the district court to abstain under *Younger* from reaching the merits, including the request for a preliminary injunction.

On January 8, 2024, the district court granted Mr. Rubinstein's motion, holding that abstention was appropriate and denying the preliminary injunction motion as moot. It reasoned that *Younger* abstention was mandatory because state proceedings were ongoing, implicated important state interests, and afforded Ms. Peters an adequate opportunity to present her "constitutional challenges arising under the First Amendment or the Privileges and Immunities Clause of the Fourteenth Amendment." Joint App., Vol. IV at 767; *see also id.* at 766-69. On the adequate-opportunity issue, it said that Ms. Peters could raise her First Amendment claim in the state proceedings and that she had not shown "she was prevented by the [state court] from" doing so. *Id.* at 768.

The district court also found that Ms. Peters had failed to show Mr. Rubinstein's actions constituted "harassment or prosecutions undertaken by [a] state official[] in bad faith without hope of obtaining a valid conviction"—an exception to *Younger* abstention. *Id.* at 769 (quotations omitted); *see also id.* at 770. It explained that the state court had made a "thorough and well-reasoned" determination that probable cause supported the charges against Ms. Peters and that

"[w]ithout more evidence," she had not made even a prima facie showing that the prosecution was in bad faith. *Id.* at 770-73.

The district court dismissed the claim against Mr. Rubinstein without prejudice, certified its order under Federal Rule of Civil Procedure 54(b), and entered judgment for Mr. Rubinstein.

2. **U.S. Court of Appeals**

On January 10, 2024, Ms. Peters appealed. We have jurisdiction under Rule 54(b).[4] *See, e.g.*, *Stockman's Water Co., LLC v. Vaca Partners, L.P.*, 425 F.3d 1263, 1265 (10th Cir. 2005).

On January 19, 2024, Ms. Peters moved this court to enjoin the state court proceeding pending appeal. On February 5, 2024, we denied the motion because Ms. Peters had not carried her burden to show she met the standards for an injunction pending appeal.

After Ms. Peters filed her opening brief in this court, she unsuccessfully moved the state court to dismiss the indictment based on the same Supremacy Clause immunity arguments she raised in her opening brief here.

---

[4] After Ms. Peters filed her docketing statement, we noted that the district court did not make two express determinations required by Rule 54(b). We gave Ms. Peters time to file a proper Rule 54(b) certification, and she did. Doc. 11063320; Joint App., Vol. IV at 801-09.

On May 24, 2024, Ms. Peters moved this court to expedite the appeal, urging us to hear and decide her case before her criminal trial is scheduled to begin on July 29, 2024. We deny the motion as moot.

## II. **DISCUSSION**

Ms. Peters argues the district court (1) could not abstain because she is immune from state prosecution and (2) improperly applied *Younger*. We disagree.

### A. *Immunity*

Ms. Peters argues that her "efforts to comply with federal election law" made her conduct "immune from state prosecution under the Supremacy Clause," Aplt. Br. at 25 (capitalization altered without notation), and thus "deprive[d] [the] state court of subject-matter jurisdiction," *id.* at 27. But Ms. Peters never presented this argument to the district court.[5] Appellants waive issues not raised before the district court absent arguing the "rigorous plain-error test" on appeal. *In re Syngenta AG MIR 162 Corn Litig.*, 61 F.4th 1126, 1180 (10th Cir. 2023). Ms. Peters does not argue plain error, so any Supremacy Clause immunity argument is "surely" at the

---

[5] Ms. Peters argues she did present the issue to the district court by stating in her complaint that she was "immune from prosecution" under "the Privileges and Immunities Clause in the Fourteenth Amendment and the Supremacy Clause in Article VI of the United States Constitution." Aplt. Br. at 30 (quoting Joint App., Vol. I at 44; Joint App., Vol. III at 725). But this passing mention was insufficient. We do not address arguments made before the district court in only a "perfunctory and underdeveloped manner," including "[v]ague, arguable," or "[f]leeting references." *In re Rumsey Land Co.*, 944 F.3d 1259, 1271 (10th Cir. 2019) (quotations omitted).

"end of the road."  *Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1131 (10th Cir. 2011).

Ms. Peters counters that waiver is inapplicable because her immunity claim goes to the state court's subject matter jurisdiction, Aplt. Reply Br. at 2, but she misses the mark.  A party cannot forfeit or waive an argument about *this court's* subject matter jurisdiction.  *See, e.g.*, *Gad v. Kan. State Univ.*, 787 F.3d 1032, 1035 (10th Cir. 2015); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Sheldon v. Golden Bell Retreat*, No. 22-1428, 2023 WL 8539442, at *2 (10th Cir. Dec. 11, 2023) (unpublished) (cited for persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1).  This principle does not extend to Ms. Peters's merits argument that the federal district court or this court should issue a declaratory judgment and an injunction because she is immune from state prosecution.  *See Big Horn Coal Co. v. Dir., Off. of Workers' Comp. Programs, U.S. Dep't of Lab.*, 55 F.3d 545, 551 (10th Cir. 1995) (holding that party may be held to waiver when it challenges a merits determination, even if the party characterizes it as a subject matter jurisdiction issue); *Wyoming v. Livingston*, 443 F.3d 1211, 1216 (10th Cir. 2006) (holding that Supremacy Clause immunity arguments are waivable).[6]

---

[6] Ms. Peters also contends that the Fourteenth Amendment's Privileges and Immunities Clause provides a separate immunity claim, *see* Aplt. Br. at 24, or "reinforces" her Supremacy Clause immunity claim, Aplt. Reply Br. at 21.  But she

B. *Abstention*

1. **Legal Background**

"We review de novo the district court's decision to abstain from exercising jurisdiction under *Younger*." *Phelps v. Hamilton* ("*Phelps II*"), 122 F.3d 885, 889 (10th Cir. 1997).

a. Younger *abstention requirements*

"In *Younger*, the Supreme Court held that federal courts, except in the most exceptional circumstances, must dismiss suits for declaratory or injunctive relief against pending state criminal proceedings." *Id.* (citing *Younger*, 401 U.S. at 43, 53-54). "Before a federal court abstains, it must determine that: (1) the state proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to present the federal

---

waived those arguments by failing to raise them before the district court or in her opening brief. *See In re Syngenta*, 61 F.4th at 1180-81.

Further, it is not clear a federal court could properly adjudicate Ms. Peters's immunity claims outside a request for a writ of habeas corpus or on motion to dismiss an indictment after the case has been removed to federal court under 28 U.S.C. § 1442(a)(1). *See Willingham v. Morgan*, 395 U.S. 402, 406-07 (1969) (noting that to take advantage of "the protection of a federal forum" and to have "the validity of the defense of official immunity tried in a federal court," a federal officer should use 28 U.S.C. § 1442(a)(1)'s removal provision); *Whitehead v. Senkowski*, 943 F.2d 230, 233 (2d Cir. 1991) (describing habeas and removal provisions in the Supremacy Clause context as "alternative[s]"); Seth P. Waxman & Trevor W. Morrison, *What Kind of Immunity? Federal Officers, State Criminal Law, and the Supremacy Clause*, 112 Yale L.J. 2195, 2251 (2003) ("Supremacy Clause immunity does not displace state law in any categorical way. Rather, it merely limits the application of state law against a discrete, numerically limited set of potential defendants—federal officers."). The parties fail to address this limitation.

constitutional challenges." *Id.* (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

On the third requirement, "unless state law clearly bars the interposition of the federal statutory and constitutional claims, a plaintiff typically has an adequate opportunity to raise federal claims in state court." *Winn v. Cook*, 945 F.3d 1253, 1258 (10th Cir. 2019) (quotations omitted). "*Younger* requires only the availability of an *adequate* state-court forum, not a favorable result in the state forum." *Id.*

"Once these three conditions are met, *Younger* abstention is non-discretionary . . . ." *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003).

b.  Younger *exceptions*

Courts have recognized exceptions to *Younger* abstention:  the prosecution "was (1) commenced in bad faith or to harass, (2) based on a flagrantly and patently unconstitutional statute, or (3) related to any other such extraordinary circumstance creating a threat of 'irreparable injury' both great and immediate." *Phelps v. Hamilton* ("*Phelps I*"), 59 F.3d 1058, 1064 (10th Cir. 1995) (quoting *Younger*, 401 U.S. at 53-54). "[T]he[se] exceptions to *Younger* only provide for a very narrow gate for federal intervention" because of "respect[] [for] prosecutorial discretion and federalism." *Id.*  Thus, the plaintiff bears a "heavy burden" to show an exception applies. *Phelps II*, 122 F.3d at 889 (quotations omitted).

To determine whether a state commenced a prosecution in bad faith or to harass, courts consider three factors:

(1) whether it was frivolous or undertaken with no reasonably objective hope of success;

(2) whether it was . . . in retaliation for the defendant's exercise of constitutional rights; and

(3) whether it was conducted in such a way as to constitute harassment and an abuse of prosecutorial discretion, typically through the unjustified and oppressive use of multiple prosecutions.

*Id.* (paragraph structure added).  The plaintiff must set forth "more than mere allegations of bad faith or harassment" through "additional, supplemental evidence." *Id.* at 889-90.  If the plaintiff can make this "initial showing of retaliatory animus, the burden shifts back to the defendant to rebut the presumption of bad faith by offering legitimate, articulable, objective reasons to justify the decision to initiate these prosecutions." *Id.* (quotations omitted).

2. **Application**

Ms. Peters argues (a) the third *Younger* factor is not met and (b) the bad faith exception applies.  We disagree.

a.  Younger *applies*

The parties do not dispute that the first two *Younger* requirements are met—there is an ongoing state criminal proceeding and state criminal proceedings implicate important state interests.  As explained below, the third requirement is also met.[7]

---

[7] To the extent Ms. Peters argues *Younger* applies but the state court's actions constitute an "extraordinary circumstance[] that would render [the] state court unable to provide [her] a full and fair hearing on [her] federal claims," *Phelps II*, 122 F.3d at 891,

11

i.  First Amendment claim

Ms. Peters argues in her opening brief that the state court "foreclosed consideration of [her] constitutional claims" because it "concluded" in resolving a motion to quash "that th[e] merits" of her constitutional claims "would not be adjudicated."  Aplt. Br. at 38 (capitalization altered without notation).  We infer she means the state court would not consider her First Amendment retaliation claim.  We reject her argument.

Ms. Peters must show the state court proceedings could not "afford [her] an adequate opportunity to present" her First Amendment claim.  *Phelps II*, 122 F.3d at 889.  She has not.[8]  She has made no argument that "state law clearly bars" her from raising her claims.  *Crown Point*, 319 F.3d at 1215 (quotations omitted).  Rather, she asserts that the state court "made a ruling that precluded consideration of [her] federal claims."  Aplt. Br. at 39.  The record does not support her contention.

In the state court's ruling on Mr. Rubinstein's motion to quash, it determined that he was not required to turn over computer equipment related to the county's election system.  It held that "the issue of election equipment [wa]s collateral" and the evidence was unnecessary for Ms. Peters's argument that her "alleged crimes

---

we disagree for the same reasons discussed below.  She has not pointed to authority or procedural history to show such an extraordinary circumstance.

[8] Ms. Peters recently filed a Federal Rule of Appellate Procedure 28(j) letter calling our attention to *National Rifle Ass'n v. Vullo*, 144 S. Ct. 1316 (2024).  *Vullo* does not show that she lacked an opportunity to present her First Amendment claim in state court.

were necessary . . . to avoid an imminent public or private injury . . . of sufficient gravity to outweigh the criminal conduct." Joint App., Vol. III at 541 (quotations omitted). The court said that any threat of injury was not imminent. *Id.* at 542. Ms. Peters did not even mention the First Amendment in her briefing on the motion to quash. *See* Joint App., Vol. IV at 810-34. The state court's evidentiary ruling did not, therefore, "conclude that th[e] merits" of her First Amendment claim "would not be adjudicated in the prosecution" or that such a claim would be "out-of-bounds." Aplt. Br. at 40.

### ii. Immunity claim

After she filed her opening brief in this court, Ms. Peters moved in state court to dismiss the indictment for lack of jurisdiction based on the same Supremacy Clause immunity arguments she presents here. The state court adjudicated her arguments, rejected them on the merits, and denied Ms. Peters's motion. In her motion to expedite filed with this court, she now argues *Younger* abstention should not apply because the state court "exceeded its authority to address questions of federal law regarding whether she was" entitled to immunity. Doc. 11093062 at 5.

This new argument also fails. "Under normal circumstances, . . . state courts . . . can and do decide questions of federal law . . . ." *El Paso Nat. Gas Co. v. Neztsosie*, 526 U.S. 473, 485 n.7 (1999). None of the cases Ms. Peters cites supports the proposition that the state court, which she asked to adjudicate her Supremacy

Clause immunity argument, lacked jurisdiction to do so.[9]  "State courts have long adjudicated . . . whether federal officers are entitled to Supremacy Clause immunity[,] . . . [a]nd they have continued to do so after the codification of the modern federal-officer removal statute . . . ."  *State v. Meadows*, 88 F.4th 1331, 1343 (11th Cir. 2023) (citations omitted).

    b.  *Bad faith exception*

Ms. Peters argues the bad faith exception to *Younger* abstention applies. Aplt. Br. at 34-38; Aplt. Reply Br. at 23-27.  She fails to establish any of the three bad faith factors.

    i.  Frivolousness

Ms. Peters has not shown the prosecution was "frivolous or undertaken with no reasonably objective hope of success."  *Phelps II*, 122 F.3d at 889.  She contends that "[t]he plainly apparent deficiencies in each of the counts of the indictment demonstrate . . . bad faith."  Aplt. Br. at 37.  But as the district court noted, the state court concluded that probable cause supported each of the charges against Ms. Peters,

---

[9] The precedential cases Ms. Peters cites, Aplt. Br. at 25-30; Aplt. Reply Br. at 9-21; Doc. 11093062 at 5-6; Doc. 11095215 at 2, considered situations where federal officers removed cases from state to federal court or where state jurisdiction was at issue on habeas review.  *See Livingston*, 443 F.3d at 1224 (explaining that a federal officer may remove a case from state to federal court under 28 U.S.C. § 1442); *Tennessee v. Davis*, 100 U.S. 257, 263-71 (1879) (upholding the constitutionality of a statute like 28 U.S.C. § 1442 allowing federal officers to remove proceedings from state to federal court); *Cunningham v. Neagle*, 135 U.S. 1 (1890) (considering state jurisdiction on habeas review); *Ohio v. Thomas*, 172 U.S. 276 (1899) (same).  Another involved an appeal from state court to the Supreme Court. *Johnson v. Maryland*, 254 U.S. 51 (1920).

which weighs against her. *See* Joint App., Vol. IV at 770 (district court opinion); Joint App., Vol. III at 646-50 (probable cause review). She has not provided cases or evidence showing the charges had "no reasonably objective hope of success." *Phelps II*, 122 F.3d at 889; *see Phelps I*, 59 F.3d at 1067 (noting that a prosecution was not in bad faith where "the parties' briefs suggest[ed] that the criminal . . . prosecutions were based on probable cause"); *Carrillo v. Wilson*, No. 12-cv-03007, 2013 WL 1129428, at *5 (D. Colo. Mar. 18, 2013) (finding prosecution nonfrivolous when state court determined charges were supported by probable cause); *Wrenn v. Pruitt*, No. 5:21-cv-00059, 2021 WL 1845968, at *4 (W.D. Okla. May 7, 2021) (same).

### ii. Retaliation

Ms. Peters argues Mr. Rubinstein's investigation and prosecution was retaliation for her exercise of constitutional rights.[10] Aplt. Br. at 36-37. She points to several parts of the record, none of which "prove[s] that retaliation was a major motivating factor and played a dominant role in the decision to prosecute." *Phelps I*, 59 F.3d at 1066 (quotations omitted).

---

[10] Ms. Peters argues that prosecutions may be retaliatory even if supported by probable cause. Aplt. Br. at 37 (citing *Phelps I*, 59 F.3d at 1064 n.12). This proposition may be in tension with the Supreme Court's holding in *Hartman v. Moore*, 547 U.S. 250 (2006), that a plaintiff cannot state a claim of retaliatory prosecution in violation of the First Amendment if the charges were supported by probable cause. *Id.* at 265-66. But we need not resolve that issue here because even if we accept Ms. Peters's contention, she has not met her burden to show retaliation.

First, Ms. Peters says Mr. Rubinstein's office "harassed her 93-year-old mother" and "interjected . . . in a domestic matter involving [her] husband." Aplt. Reply Br. at 24.[11] But she cites only her own declaration for this proposition, and "conclusory and self-serving affidavits" are insufficient. *Hall v. Bellmon*, 935 F.2d 1106, 1111 (10th Cir. 1991). She also contends that Mr. Rubinstein "participated with the Federal Bureau of Investigation in securing and executing a search warrant in an excessive manner." Aplt. Reply Br. at 24. This contention is similarly insufficient as based only on a "conclusory and self-serving affidavit[]" from her political associate. *Hall*, 935 F.2d at 1111; *see also* Aplt. Reply Br. at 24.

Second, Ms. Peters argues she was prosecuted "for actions that she was obligated to take." Aplt. Reply Br. at 24. This may be a possible defense to the state charges, but it has nothing to do with her theory of retaliation for voicing public criticism. Also, "the critical inquiry is not whether [she] engaged in some protected activity; rather, it is whether the prosecutor sought to limit [her] ability to conduct constitutionally protected speech by these criminal prosecutions." *Phelps I*, 59 F.3d at 1068. Ms. Peters has not shown Mr. Rubinstein sought to do so.

Third, Ms. Peters argues Mr. Rubinstein failed to prosecute the Colorado Secretary of State, who allegedly knew the technology upgrade would delete some data from the county's voting records. Aplt. Reply Br. at 24. Apart from failing to

---

[11] Ms. Peters presents these arguments as support for why she thinks the prosecution was retaliatory, but the result would be the same if she argued they went to harassment.

16

show that she and the Secretary of State were similarly situated, Ms. Peters provides no basis to infer that Mr. Rubinstein's exercise of prosecutorial discretion was retaliatory. *See Oyler v. Boles*, 368 U.S. 448, 456 (1962) (holding that even where individuals commit the same conduct, "the conscious exercise of some selectivity in enforcement" is acceptable).

Fourth, Ms. Peters argues as suspect the time between when she "formally petitioned the county Board to discontinue its contract to use a computerized voting system" and the indictment. Aplt. Reply Br. at 24. The timing is not relevant here because Ms. Peters admits that the state began investigating her before she formally petitioned the Board. *See, e.g.*, Joint App., Vol. III at 546-48.

Fifth, Ms. Peters argues Mr. Rubinstein advocated for her bond to be set much higher than what the state court approved and opposed her request to travel for a film screening. Aplt. Reply Br. at 24; *see also* Joint App., Vol. III at 549. She fails to show these recommendations to the court fall outside the norms of state prosecution or the needs of the case, let alone show a retaliatory motive. Even if they demonstrate "a history of personal animosity between [Mr. Rubinstein] and [Ms. Peters, this would] not, by itself, [be] sufficient to show that [the] prosecution was commenced in bad faith." *Phelps I*, 59 F.3d at 1067.

Sixth, Ms. Peters argues Mr. Rubinstein made a report to the Board of County Commissioners with the sole "focus [of] punish[ing] Ms. Peters for uncovering the deletion of election records." Aplt. Reply Br. at 25. This statement is unsupported and conclusory. Mr. Rubinstein's report is insufficient to establish a retaliatory

17

motive. *See Nielander v. Bd. of Cnty. Comm'rs*, 582 F.3d 1155, 1165 (10th Cir. 2009) ("A plaintiff's subjective beliefs about why the government took action, without facts to back up those beliefs, are not sufficient" to establish retaliatory motive.).

### iii. Harassment

Ms. Peters also fails to show evidence of "harassment and an abuse of prosecutorial discretion," which is "typically [shown] through the unjustified and oppressive use of multiple prosecutions." *Phelps II*, 122 F.3d at 889. She argues that multiple prosecutions are not required to show harassment. Aplt. Reply Br. at 26-27. But she does not explain why this case otherwise constitutes "harassment and an abuse of prosecutorial discretion." *Phelps II*, 122 F.3d at 889.

### III. **CONCLUSION**

*Younger* abstention was appropriate, and Ms. Peters has not met her heavy burden to show the bad faith exception applies. We affirm. We deny Ms. Peters's motion to expedite as moot.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge