**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**January 6, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

_____

GARY ROEMER,

    Plaintiff - Appellant,

v.

BOARD OF REGENTS OF NEW
MEXICO STATE UNIVERSITY; DAN
ARVIZU; LAURA CASTILLE; DONALD
CONNER; ANNAMARIE DELOVATO;
ROLANDO FLORES; MATTHEW
GOMPPER, individually and in their
official capacities,

    Defendants - Appellees.

------------------------------

FOUNDATION FOR INDIVIDUAL
RIGHTS AND EXPRESSION,

    Amicus Curiae.

No. 25-2033
(D.C. No. 2:22-CV-00524-JB-SCY)
(D.N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MORITZ**, **FEDERICO**, and **ALLEN**,[**] Circuit Judges.
_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. _See_ Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

[**] The Honorable Ann Marie McIff Allen, U.S. District Judge, District of Utah, sitting by designation.

_____

Gary Roemer was a tenured professor at New Mexico State University. In August 2021, the University terminated his employment after finding that he violated its antidiscrimination and antibullying policies. Roemer then filed this action, raising facial and as-applied challenges to both policies, among other claims.

The district court rejected Roemer's facial challenges, ruling that neither policy was overbroad under the First Amendment and that the antibullying policy was not unconstitutionally vague. The district court then purported to certify final judgment on these facial claims under Federal Rule of Civil Procedure 54(b), and Roemer filed this appeal.

After merits briefing was completed and this appeal was set for oral argument in January 2026, we sua sponte ordered supplemental briefing on the sufficiency of the district court's Rule 54(b) certification. We now dismiss the appeal for lack of appellate jurisdiction.

Rule 54(b) provides that in an action involving multiple claims or multiple parties, "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Certifications under Rule 54(b) "are not to be made routinely." *Okla. Tpk. Auth. v. Bruner*, 259 F.3d 1236, 1242 (10th Cir. 2001) (quoting *Great Am. Trading Corp. v. I.C.P. Cocoa, Inc.*, 629 F.2d 1282, 1286 (7th Cir. 1980)). Instead, "certification is appropriate *only* when the district court 'adheres strictly to the rule's requirement that a court make two express determinations.'" *Stockman's Water Co.,*

*LLC v. Vaca Partners, L.P.*, 425 F.3d 1263, 1265 (10th Cir. 2005) (quoting *Okla. Tpk. Auth.*, 259 F.3d at 1242). These are (1) that the "judgment is final" and (2) that there is "no just reason for delay[ing]" entry of judgment. *Id.* On the latter point, the district court should "weigh[] Rule 54(b)'s policy of preventing piecemeal appeals against the inequities that could result from delaying an appeal," considering factors such as the separability of the claims and whether an "'appellate court would have to decide the same issues more than once even if there were subsequent appeals.'" *Id.* (quoting *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980)).

A district court "entering a Rule 54(b) certification should 'clearly articulate [its] reasons and make careful statements based on the record supporting [its] determination of "finality" and "no just reason for delay" so that we can review a [Rule] 54(b) order more intelligently and thus avoid jurisdictional remands.'" *Id.* (cleaned up) (quoting *Old Republic Ins. Co. v. Durango Air Serv., Inc.*, 283 F.3d 1222, 1225 n.5 (10th Cir. 2002)). Ordinarily, we grant "substantial deference" to a district court's conclusions in its Rule 54(b) certification. *Id.* But doing so "rests on the assumption that the district court undertook its obligation to carefully examine all the factors relevant to certification." *Id.* at 1266. Without "a clear articulation of the district court's reasons for granting certification, we have no basis for conducting a meaningful review of the district court's exercise of discretion." *Id.*

Here, the district court's Rule 54(b) certification fails to make any express determination of either "finality" or "no just reason for delay." Instead, it states only that Roemer's Rule 54(b) motion was "uncontested and should be granted for good

cause shown." App. vol. 2, 411. Even if we were to interpret this brief statement as incorporating the arguments in Roemer's motion, it would be insufficient. *See Stockman's Water Co.*, 425 F.3d at 1266 (holding Rule 54(b) certification insufficient where district "court simply incorporated by reference [party's] arguments and conclusions").

Roemer's counterarguments are not persuasive. Initially, he suggests that Rule 54(b)'s express-statement "requirement is 'to some extent a formality.'" Aplt. Supp. Br. 3 (quoting *Schrock v. Wyeth, Inc.*, 727 F.3d 1273, 1279 (10th Cir. 2013)). That may be, but we nevertheless "have adhered to this formal requirement," *Schrock*, 727 F.3d at 1279, which "provide[s] district courts with one last opportunity to discover errors in their decision to certify an order for appeal," *Okla. Tpk. Auth.*, 259 F.3d at 1244. Next, Roemer invites us to "look beyond the district court's certification order to the record," contending that both finality and no just cause for delay are "obvious from the record." Aplt. Supp. Br. 4, 5. But we rejected this invitation in *Schrock*, and we do the same here. 727 F.3d at 1278–79. In this circuit, "when district courts fail to make express determinations, we do not consider the parties' arguments about finality and no just reason for delay." *New Mexico v. Trujillo*, 813 F.3d 1308, 1316–17 (10th Cir. 2016).

Because the district court's certification order lacks the required express findings, it "fails to provide us with appellate jurisdiction over [Roemer's] appeal." *Stockman's Water Co.*, 425 F.3d at 1266. We therefore dismiss this appeal for lack of jurisdiction. As a final matter, we deny as moot Roemer's motion to reschedule oral

argument.

Entered for the Court

Nancy L. Moritz
Circuit Judge